UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-00174-TBR-LLK

CARL GATLIN, *et al.*  PLAINTIFFS

v.

AECOM MANAGEMENT SERVICES, INC.  DEFENDANT

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. [DN 30].

On December 20, 2021, the parties filed their Joint Motion for Protective Order. [DN 32]. For the reasons set forth below, the Joint Motion for Protective Order, [DN 32], is **GRANTED**, but the Court must **DECLINE** to enter the tendered Protective Order, [DN 32-3]. The Court will consider an Agreed Order which comports with this opinion by defining the "certain documents to be produced in this action by the Defendant or certain third parties. . . ." *Id.*

### Good Cause Requirement

This Court has increasingly scrutinized stipulated motions for protective orders that do not make the necessary showing of good cause required by the Rules of Civil Procedure and case authority. *See Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605-GNS (W.D. Ky. Oct. 23, 2018) (Edwards, J.) (discussing why the Court will enter the second proposed agreed protective order because it develops why a protective order is necessary) (Pacer); *see also Wellmeyer v. Experian Info. Sols.*, 3:18-cv-94-RGJ (W.D. Ky. May 30, 2018) (Pacer); *Middleton v. Selectrucks of America, LLC*, 3:17-cv-602-RGJ (W.D. Ky. Sept. 21, 2018) (Pacer); *Mitcham v. Intrepid U.S.A., Inc.*, 3:17-cv-00703-CHB (W.D. Ky. Oct. 1, 2018) (Boom, J.) (Pacer); *Roberson v. KentuckyOne Health, Inc.*, 3:18-cv-00183-CRS-RSE (Aug. 29, 2018) (Edwards, J.) (Pacer);

1

*Savidge v. Pharm-Save, Inc.*, 3:17-cv-000186-CHB (W.D. Ky. July 9, 2018) (Whalin, J.) (Pacer); *Effinger v. GLA Collection Co.*, 3:17-cv-000750-DJH (W.D. Ky. March 28, 2018) (Lindsay, J.) (Pacer); *Fleming v. Barnes*, 3:16-cv-264-JHM (W.D. Ky. Feb. 27, 2017) (Whalin, J.) (Pacer).

Under Federal Rule of Civil Procedure 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought…." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). For example, in determining whether to grant a protective order in a trade secret case, the court considered the following factors:

> (1) the extent to which the information is known outside of [the] business;
>
> (2) the extent to which it is known by employees and others involved in [the] business;
>
> (3) the extent of measures taken . . . to guard the secrecy of the information;
>
> (4) the value of the information to [the business] and to [its] competitors;
>
> (5) the amount of effort or money expended . . . in developing the information;
>
> (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016)). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. May 24,

2011); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient.").

Rule 26 of the Federal Rules of Civil Procedure affords the Court with broad discretion to grant or deny protective orders. *Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams*, 2018 WL 989546, at *2; *see also*, *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings.").

In this case, the parties have demonstrated good cause for 'official U.S. Army information' where a regulation demonstrates a clear federal policy against disclosure of those documents. [DN 32 (citing 32 CFR § 516.41(a))]. This justifies protection of the "information and documents pertaining to these U.S. Army helicopters and the work done on them by AECOM, ranging from technical manuals for blasting and repainting to photographs of the helicopters and maintenance records for them." [DN 32 at 1]. However, the tendered Order is far broader and does not describe the documents that require protection; rather, it permits the parties to designate any materials as "Protected Documents" and to seal the same. [DN 32-3].

Here, the tendered Order does not clearly define the documents that will be subject to the Agreed Protective Order, so it cannot show a clearly defined and serious injury that would result from the production of those documents. The parties bear a heavy burden in attempting to show substantial justification for withholding information from the public. Here, they have not met that burden.

This Court recently reached a similar conclusion in *Bussell*, in which the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, without any explanation for why the Order was necessary. *Bussell v. Elizabethtown Independent School Dist.*, 3:17-cv-00605, at Docket # 27 (W.D. Ky. Aug. 29, 2018). The Court denied the motion without prejudice and specifically stated that the party seeking a protective order should set out the reasons why a protective order is necessary. *Id*. at Docket # 28. The parties then filed a new motion for protective order, which the Court granted, noting that the parties explained that the materials at issue were nude or seminude photographs and that dissemination of the images was sensitive in nature, may constitute additional crimes, and could potentially adversely impact ongoing criminal proceedings. *Id*. at Docket # 33.

While the Court must decline entry of the Agreed Protective Order, as a regulation demonstrates clear federal policy against disclosure of official U.S. Army information, this Court will consider an Agreed Protective Order regarding such information to the extent that it defines the documents to be protected

## Conclusion

For the reasons provided above, the Court **GRANTS** the parties Joint Motion for Protective Order, [DN 32], but the Court must **DECLINE** to enter the tendered Protective Order, [DN 32-3]. The Court will consider an Agreed Order which comports with this opinion.

**IT IS SO ORDERED.**

January 6, 2022

*Lanny King* (signature)

**Lanny King, Magistrate Judge**
**United States District Court**

c:	Counsel

5